1

2

3

4

5 # UNITED STATES DISTRICT COURT

6 ## EASTERN DISTRICT OF CALIFORNIA

7

8 GEORGE E. JACOBS,                    )    1:08-cv-00369-AWI-SMS (PC)
                                       )
           Plaintiff,                  )    ORDER REQUIRING PLAINTIFF TO
9                                      )    EITHER FILE AMENDED COMPLAINT OR
    v.                                 )    NOTIFY COURT OF WILLINGNESS TO
10                                     )    PROCEED ONLY ON CLAIMS FOUND TO
    WOODFORD , et al.,                 )    BE COGNIZABLE
11                                     )
           Defendants.                 )    (Doc. 1)
12                                     )
                                       )    RESPONSE DUE WITHIN THIRTY DAYS
13 _____  )

14

15 **I.    SCREENING ORDER**

16        Plaintiff, George E. Jacobs, ("Plaintiff") is a state prisoner who is currently proceeding

17 pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff

18 filed his Complaint on March 14, 2008.  (Doc. 1.)

19        **A.    Screening Requirement**

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

22 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

24 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

26 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

27 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

28 1915(e)(2)(B)(ii).

B.      **Summary of Plaintiff's Complaint**

Plaintiff is currently housed at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California – where the acts he complains of occurred.  Plaintiff names twenty-three Defendants and seeks declaratory relief, injunctive relief, and monetary damages.  Plaintiff's complaint is comprised of forty-four pages of factual allegations and nineteen pages of exhibits.  Plaintiff's complaint alleges fifteen causes of action based on a number of apparently unrelated factual scenarios against unrelated groupings of defendants such that it violates Federal Rule of Civil Procedure 18(a).

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Court is unable to discern specific relationship between most of Plaintiff's claims and declines to summarize and reiterate all of Plaintiff's claims against every Defendant.  The fact that claims are premised on the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants does not make them factually related.  Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event and/or are alleged against the same defendant(s).

Plaintiff's first, second, third, and fourth causes of action against Defendants C.O.s B. David and J. Masiel, and Sgt. J.M. Martinez appear related such that these claims will be screened and Plaintiff will be given leave to amend to clarify the relationship (if any) of his claims; or to choose to proceed on only those claims that are addressed herein as related –

2

1  attempting to amend to cure the noted deficiencies; or to choose to proceed only on those claims

2  identified herein as cognizable and related so as not to violate Fed. R. Civ. P. 18(a).  Plaintiff is

3  advised that if he chooses to file a first amended complaint, and fails to comply with Rule 18(a),

4  all unrelated claims will be stricken.

5       In his first, second, third, and fourth causes of action with allegations against Defendants

6  C.O.s B. David and J. Masiel, and Sgt. J.M. Martinez, Plaintiff alleges that during an escort

7  while in mechanical restraints, Defendant C.O. David grabbed him by the collar and pushed him

8  across the yard while making threats against Plaintiff if Plaintiff continued to pursue his lawsuit

9  against C.O. David's superior -- Sgt. J.M. Martinez.  C.O. J. Masiel joined in and pushed

10 Plaintiff in a violent way and directed offensive and derogatory comments toward Plaintiff.

11 Once inside his cell, Plaintiff extended his hands through the tray slot to be uncuffed at which

12 time C.O. Masiel squeezed Plaintiff's arm and made threats against him, and that C.O. David

13 uncuffed Plaintiff and intentionally smashed the tray slot door on Plaintiff's right hand.  Sgt.

14 Martinez reported to the scene and Plaintiff explained what happened, to which Sgt. Martinez

15 responded by dousing Plaintiff with pepperspray while indicating that Plaintiff was lucky Sgt.

16 Martinez had not been involved in the escort.  Plaintiff requested a video tape for unreasonable

17 use of force and medical attention which was rejected by Sgt. Martinez.  As a result of this

18 incident Plaintiff sustained injury.

19      Plaintiff states some cognizable claims and may be able to amend to correct the

20 deficiencies in his pleading so as to state additional cognizable claims.  Thus, he is being given

21 the applicable standards and leave to file a first amended complaint.

22      **C.    Pleading Requirements**

23           **1.  Federal Rule of Civil Procedure 8(a)**

24      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

25 exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

26 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

27 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

28 Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

1    plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

2    However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

3    *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

4    complaint may not supply essential elements of the claim that were not initially pled." *Bruns v.*

5    *Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Bd. of Regents*,

6    673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that

7    may have been paid, the court shall dismiss the case at any time if the court determines that . . .

8    the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

9    1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing

10   that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

11          Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

12   a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

13   ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S.

14   544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

15   claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at

16   555. While factual allegations are accepted as true, legal conclusion are not. *Iqbal.* at 1949; *see*

17   *also Moss v. U.S. Secret Service*, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009); *Iqbal*,

18   129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556-557.

19          If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as

20   concise as possible. He should merely state which of his constitutional rights he feels were

21   violated by each Defendant and its factual basis.

22                              **2. Linkage Requirement**

23          The Civil Rights Act under which this action was filed provides:

24                  Every person who, under color of [state law] . . . subjects, or
                    causes to be subjected, any citizen of the United States . . . to the
25                  deprivation of any rights, privileges, or immunities secured by the
                    Constitution . . . shall be liable to the party injured in an action at
26                  law, suit in equity, or other proper proceeding for redress.

27   42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link

28   between the actions of the defendants and the deprivation alleged to have been suffered by

                                                4

1    Plaintiff.  *See Monell v.  Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*,

2    423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the

3    deprivation of a constitutional right, within the meaning of section 1983, if he does an

4    affirmative act, participates in another's affirmative acts or omits to perform an act which he is

5    legally required to do that causes the deprivation of which complaint is made." *Johnson v.*

6    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983,

7    Plaintiff must link each named defendant with some affirmative act or omission that

8    demonstrates a violation of Plaintiff's federal rights.

9         Plaintiff mentions correctional personnel by the names of Meza, A. Robles, and N.

10   Grannis in his factual statement, but fails to list them as defendants in the caption.  If Plaintiff

11   intends to pursue claims against these individuals, he must appropriately identify them as

12   defendants in this action.  Plaintiff must specify which Defendant(s) he feels are responsible for

13   each violation of his constitutional rights and their factual basis as his Complaint must put each

14   Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d

15   1167, 1171 (9th Cir. 2004).

16                    **3.  Official Capacity**

17        Plaintiff has made all of his allegations against all of the named defendants in both their

18   official and personal capacities.

19        "The Eleventh Amendment bars suits for money damages in federal court against a state,

20   its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*,

21   488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment

22   does not bar suits seeking damages against state officials in their personal capacities. *Hafer v.*

23   *Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

24        "Personal-capacity suits . . . seek to impose individual liability upon a government

25   officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25; *Suever v. Connell*, 579

26   F.3d 1047, 1060-61 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official

27   and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar

28   against an official capacity suit.  *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d

                                        5

1278, 1284 (9th Cir. 1994); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991).

Thus, the Court construes Plaintiff's claims to be alleged against Defendants in their personal capacities.

D.    **Claims for Relief**

1.    **Cruel & Unusual Punishment – Excessive Force**

Plaintiff alleges that C.O.s David and Masiel, and Sgt. Martinez violated his rights under the Eighth Amendment to be free from cruel and unusual punishment.[1]

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim").  As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer,* 511 U.S. at 834, (*quoting Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition *de minimis* uses of force).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not

---

[1] Plaintiff also errantly alleges that these actions violated his right to be free from cruel and unusual punishment under the Fourteenth Amendment, but conditions of confinement and excessive force claims which can amount to cruel and unusual punishment are properly brought and evaluated under the standards of the Eighth Amendment.

6

*de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

Plaintiff's allegations that during an escort while in mechanical restraints, Defendant C.O. David grabbed him by the collar and pushed him across the yard while making threats against Plaintiff if Plaintiff continued to pursue his lawsuit against C.O. David's superior -- Sgt. J.M. Martinez; that C.O. J. Masiel joined in and pushed Plaintiff in a violent way and directed offensive and derogatory comments toward Plaintiff; that once inside his cell, Plaintiff extended his hands through the tray slot to be uncuffed at which time C.O. Masiel squeezed Plaintiff's arm and made threats against him; and that C.O. David uncuffed Plaintiff and intentionally smashed the tray slot door on Plaintiff's right hand state cognizable claims against C.O. David and C.O. J. Masiel for violation of his right to be free from cure and unusual punishment in violation of the Eight Amendment.  Plaintiff's allegations that Sgt. Martinez reported to the scene and Plaintiff explained what happened, to which Sgt. Martinez responded by dousing Plaintiff with pepperspray while indicating that Plaintiff was lucky Sgt. Martinez had not been involved in the escort also states a cognizable claim against Sgt. Martinez for violation of Plaintiff's right to be free from cruel and unusual punishment in violation of the Eight Amendment.

### 2. Retaliation

Plaintiff alleges that C.O.s David and Masiel, and Sgt. Martinez violated his rights to be free from retaliation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).  Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  *Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006); *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000); *see also Lewis v. Jacks*, 486 F.3d 1025 (8th Cir. 2007); *see also Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007); *Bennett v. Hendrix*, 423 F.3d 1247, 1250-51 (11th Cir. 2005); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005); *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  *Rhodes*, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); *Bruce*, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); *Hines v. Gomez*, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); *Pratt*, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); *Valandingham*, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); *Rizzo*, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff's allegations that C.O.s David and Masiel pushed, shoved, and threatened him during the escort and then squeezed his arm and slammed his hand in the tray port; and that Sgt. Martinez doused him with pepper spray when Plaintiff requested a use of force video interview

and medical attention in retaliation for Plaintiff maintaining an action against Sgt. Martinez state

cognizable claims against C.O.s David and Masiel and Sgt. Martinez for unconstitutional

retaliation in violation of the First Amendment.

### 3. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that C.O.s David and Masiel and Sgt. Martinez were deliberately

indifferent to his serious medical needs.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the

prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a

claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the

defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991).  A

medical need is serious "if the failure to treat the prisoner's condition could result in further

significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* 974 F.2d at 1059

(*quoting Estelle*, 429 U.S. at 104).  Indications of a serious medical need include "the presence

of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60.

By establishing the existence of a serious medical need, a prisoner satisfies the objective

requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825,

834 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then

show that prison officials responded to the serious medical need with deliberate indifference.

*Farmer*, 511 U.S. at 834.  "[T]he officials' conduct must constitute ' " ' "unnecessary and wanton

infliction of pain' " ' "  before it violates the Eighth Amendment. *Hallett v. Morgan* 296 F.3d

732, 745 (2002) *quoting Estelle*, 429 U.S. at 104 (*quoting Gregg v. Georgia*, 428 U.S. 153, 173

(1976)); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

Before it can be said that a prisoner's civil rights have been abridged with regard to

medical care "the indifference to his medical needs must be substantial.  Mere 'indifference,'

'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v.

Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105-06).  *See*

9

*also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (*quoting Whitley*, 475 U.S. at 319).

"Deliberate indifference is a high legal standard." *Toguchi,* 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (*quoting Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir.1988).  Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful.  *See Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); *McGuckin*, 974 F.2d at 1059; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Only delays that cause substantial harm violate the Eighth Amendment. *Berry,* 39 F.3d at 1057 *citing Wood*, 900 F.2d at 1335.

Plaintiff's allegations that C.O.s David and Masiel pushed, shoved, and threatened him during the escort and then squeezed his arm and slammed his hand in the tray port which ultimately caused stiffness, cramping, numbness, scarring, and deformity of his thumb establishes a serious medical need.  However, Plaintiff's allegations against C.O.s David and Masiel are not cognizable as they fail to show deliberate indifference to that serious medical

10

need by C.O.s David and Masiel – i.e. Plaintiff fails to show that his injuries were such that these two Defendants knew he needed medical care and deliberately denied, delayed, or otherwise interfered with his receipt thereof.

Plaintiff alleges that Sgt. Martinez doused him with pepper spray when Plaintiff requested a use of force video interview and medical attention. This shows deliberate indifference by Sgt. Martinez to Plaintiff's serious medical need. Plaintiff alleges that the failure to secure medical treatment caused him to sustain further injury in the form of stiffness, cramping, numbness, scarring, and deformity of his thumb. Thus, Plaintiff states a cognizable claim against Sgt. Martinez for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment.

### 4. Conspiracy

Plaintiff alleges that Sgt. Martinez conspired to obstruct justice by authoring "a 115 rules violation report without a use of force 837 incident report . . . to protect himself and his co-workers by introducing and disseminating fraudulent facts." (Doc. 1, Compl, ¶¶ 134-138.)

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (*quoting United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*citation omitted*)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (*quoting Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 *quoting United Steel Workers*, 865 F.2d at 1541.

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v.*

1   *Twombly*, 127 S.Ct. 1955, 1965 (2007) (*citations omitted*).  A plaintiff must set forth "the

2   grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a

3   formulaic recitation of the elements of a cause of action . . . ."  *Id.* at 1964-65 (internal

4   quotations and citations omitted).

5        A fundamental premise of a conspiracy claim is that two or more defendants had a

6   meeting of the minds (plural) to violate Plaintiff's constitutional rights.  As such, Plaintiff's

7   bare allegation that only Sgt. Martinez conspired to obstruct justice by authoring "a 115 rules

8   violation report without a use of force 837 incident report . . . to protect himself and his co-

9   workers by introducing and disseminating fraudulent facts" (Doc. 1, Compl, ¶¶ 134-138) shows

10  neither that Sgt. Martinez had a meeting of the minds with another defendant, nor that any such

11  alleged meeting of the minds had the goal of violating Plaintiff's constitutional rights –

12  disseminating false information and/or concealing information as to disciplinary matters,

13  without more, simply does not rise to the level of a constitutional violation.

14       Thus, Plaintiff fails to state a cognizable conspiracy claim under § 1983.

15                          **5.  State Court Claims**

16       Plaintiff's allegations that Sgt. Martinez engaged in "intentional dissemination of false

17  information, fraud and misrepresentation, official acts of negligence and misconduct" might be

18  actionable under California law.  However, any such claims are not cognizable as Plaintiff does

19  not show compliance with California's Tort Claims Act which requires that a tort claim against

20  a public entity or its employees be presented to the California Victim Compensation and

21  Government Cyelaims Board, formerly known as the State Board of Control, no more than six

22  months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-

23  950.2 (West 2008).  Presentation of a written claim, and action on or rejection of the claim are

24  conditions precedent to suit.  *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234,

25  1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

26  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort

27  Claims Act.  *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-*

28  *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

1

### 6. Supervisory Liability

2      While not specifically named in his first, second, third, and fourth causes of action,

3 Plaintiff names both CDCR Director Woodford and Warden Adams as Defendants in this

4 action, and alleges that they are responsible for implementing and promulgating all of the

5 policies and procedures at SATF.  Plaintiff also appears to allege that Sgt. Martinez is liable for

6 the acts of his subordinates.

7      Supervisory personnel are generally not liable under section 1983 for the actions of their

8 employees under a theory of *respondeat superior* and, therefore, when a named defendant holds

9 a supervisory position, the causal link between him and the claimed constitutional violation

10 must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v.*

11 *Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim

12 for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege

13 some facts that would support a claim that supervisory defendants either: personally participated

14 in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

15 prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

16 repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

17 *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*,

18 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on

19 supervisory personnel for the actions of their employees under a theory of *respondeat superior*.

20 *Iqbal,* 129 S.Ct. at 1949.  "In a §1983 suit or a Bivens action - where masters do not answer for

21 the torts of their servants - the term 'supervisory liability' is a misnomer."  *Id.*  Knowledge and

22 acquiescence of a subordinate's misconduct is insufficient to establish liability; each

23 government official is only liable for his or her own misconduct.  *Id.*

24      "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the

25 elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to

26 dismiss [and thus also for screening purposes], are not entitled to an assumption of truth."

27 *Moss*, 2009 WL 2052985, *5 (*quoting Iqbal*, 126 S.Ct. at 1951 (*quoting Twombly*, 550 U.S. at

28 555)).  "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,'

but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, Plaintiff's allegation that Director Woodford and Warden Adams are somehow liable because of the actions and/or inactions taken by the other named defendants does not state a cognizable claim against either Director Woodford, or Warden Adams.  Further, Plaintiff's allegations seeking to hold Sgt. Martinez liable for the acts of his subordinates are not cognizable.

### 7. Inmate Appeals

While not specifically stated in his first, second, third, or fourth cause of action, Plaintiff generally appears to grieve the processing, and reviewing of his 602 inmate appeals by L. Cano and N. Grannis related to his allegations in the Complaint.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.*

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accird Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

1    Actions in reviewing prisoner's administrative appeal cannot serve as the basis for

2  liability under a § 1983 action. *Buckley*, 997 F.2d at 495.  The argument that anyone who

3  knows about a violation of the Constitution, and fails to cure it, has violated the Constitution

4  himself is not correct.  "Only persons who cause or participate in the violations are responsible.

5  Ruling against a prisoner on an administrative complaint does not cause or contribute to the

6  violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005) *accord George v. Smith*, 507

7  F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999);

8  *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

9    Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals,

10  Plaintiff fails, and is unable to state a cognizable claim against L. Cano and/or N. Grannis for

11  the processing and/or reviewing of his 602 inmate appeals.

12  **II.  CONCLUSION**

13    For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a

14  first amended complaint within thirty days.  If Plaintiff needs an extension of time to comply

15  with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days

16  from the date of service of this order.

17    Plaintiff must demonstrate in any first amended complaint how the conditions

18  complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v.*

19  *Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific

20  terms how each named defendant is involved.  There can be no liability under section 1983

21  unless there is some affirmative link or connection between a defendant's actions and the

22  claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167

23  (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

24    Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short

25  and plain statement must "give the defendant fair notice of what the ... claim is and the grounds

26  upon which it rests." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007) *quoting Conley*

27  *v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

28  [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127,

15

555 (2007) (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567 (*citing London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **30 days** from the date of service of this order, Plaintiff must either:

    a.      File a first amended complaint curing the deficiencies identified by the Court in this order, or

    b.      Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 14, 2010**          _____ **/s/ Sandra M. Snyder** _____
UNITED STATES MAGISTRATE JUDGE