IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, | ) Case No.: 1:08-cv-00369 AWI JLT |
| Plaintiff, | ) AMENDED ORDER DISMISSING FIRST ) AMENDED COMPLAINT WITH LEAVE TO ) AMEND |
| v. | ) |
| WOODFORD, et al, | ) |
| Defendants. | ) |

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed this action on March 14, 2008. (Doc. 1) On February 16, 2010, Plaintiff filed his First Amended Complaint. (Doc. 7) Plaintiff asserts this civil rights action against B. David, J. Masiel, J.M. Martinez, R. Davis, and the Warden of Corcoran State Prison (collectively, "Defendants") pursuant to 42 U.S.C. § 1983.

**I.  Screening Requirement**

Where a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary

1

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement,"

2

> but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.  § 1983 Claims**

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege that he suffered a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). There is no respondeat superior liability under § 1983, and the supervisor of an individual

who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, as with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV.   Discussion and Analysis**

Plaintiff alleges that on July 24, 2007, while defendants David and Masiel escorted him across the security housing unit, David "pushed Plaintiff in a violent manner" and made "verbal threats toward Plaintiff about what he would do to Plaintiff if Plaintiff continued to pursue his lawsuit against J.M. Martinez, B. David's supervisor." (Doc. 7 at 7)  Once the escort was complete and Plaintiff placed his hands through the tray slot to have the handcuffs removed, Masiel squeezed Plaintiff's arms while making derogatory and offensive statements. Id. at 7-8. David removed Plaintiff's handcuffs and "intentionally smashed the try slot door on [his] right hand causing serious injury" and defendant Martinez attempted to spray Plaintiff with pepper spray while commenting that Plaintiff was lucky Martinez had not been involved in the escort. Id. at 8.

Plaintiff requested a "use of force" video interview and medical care for the injury to his hand, and these requests were denied by Martinez. Id.  Plaintiff contends that "[o]n six different occasions Plaintiff made this institution and its administrative employees aware of the retaliation violent use of force and threats," but no proper investigation was conducted. Id. at 9.  In addition, Plaintiff stated defendants Director of Corrections[1] and the Warden ignored blatant signs of physical abuse "with deliberate indifference." Id.

Given these facts, Plaintiff alleges violations of rights arising under the First, Eighth, and Fourteenth Amendments of the United States Constitution.  Specifically, Plaintiff raises three causes

---

[1] The Director of Corrections is not identified as a party in Plaintiff's First Amended Complaint, though Plaintiff mentions the Director in his factual allegations.  The Director of Corrections is not the immediate supervisor of an individual at the prison.  Further, if Plaintiff desires to assert this action against the Director of Corrections in his official capacity, such an action is precluded by the Eleventh Amendment to the Constitution.

of action for (1) retaliation, (2) excessive force and right to personal safety, and (3) deliberate indifference to serious medical needs.

### A.  Retaliation

Prisoners have rights under the First Amendment to pursue civil rights litigation and file prison grievances.  Rhodes v.  Robinson, 408 F.3d 559, 567 (9th Cir. 2005); see also Pell v. Procunier, 417 U.S. 817, 822 (1974) ("A prisoner inmate retains those first amendment rights that are not inconsistent with his stats us a prisoner or with the legitimate penological objectives of the corrections system").  The Ninth Circuit opined,

> Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such as actions violate the Constitution quite apart from any underlying misconduct they are designed to shield.

Rhodes, 408 F.3d at 567.  Thus, allegations of retaliation against a prisoner's exercise of these rights may support a claim under § 1983.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985); see also Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (a prisoner may not be penalized for exercising the right of redress of grievance).

In the context of the violation of a prisoner's First Amendment rights, a "viable claim. . . entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes, 408 F.3d at 567-68.  An adverse action is one that "would chill or silence a person of ordinary firmness from future First Amendment activities."  White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000), quoting Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).

Plaintiff contends the defendants' actions (including pushing, shoving, verbal abuse, use of pepper spray, and the injury to his hand) were retaliation for maintaining an action against defendant Martinez.  Plaintiff has plead sufficient facts that the actions taken by David, Masiel and Martinez were taken for purposes of retaliation.  Therefore, Plaintiff has stated a cognizable claim against these defendants for retaliation on First Amendment grounds.

B.  Excessive Force

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976), quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1976).  Restraints are placed on prison officials within the prohibition on cruel and unusual punishments, and prison officials may not use excessive physical force against prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Where prison officials are accused of excessive force, the inquiry is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The malicious and sadistic use of force by prison officials to cause harm always violates contemporary standards of decency.  Id. at 9; see also Oliver v. Keller, 298 F.3d 623, 628 (9th Cir. 2002) (excessive force standard examines *de minimis* uses of force, not *de minimus* injuries).

Here, Plaintiff's allegations against defendants David and Masiel regarding their actions during the escort, squeezing his arms, and slamming the slot door on Plaintiff's hand, state cognizable claims for excessive force against these defendants.

On the other hand, Plaintiff's alleges that Martinez "tried to spray" Plaintiff with pepper spray and commented that Plaintiff was "lucky" Martinez was not involved in the escort with David and Masiel.  This is insufficient to state a claim for excessive force.

First, the verbal statements threatening force is insufficient to state a claim for excessive force. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Second, the allegation that Martinez "tried to spray" Plaintiff with pepper spray is so vague that the Court cannot determine whether Martinez actually deployed the spray but failed to make contact with Plaintiff or if he merely *said* that he would have used the spray.  If there has been no physical contact or any physical impact, there is no claim for excessive force.  Though pointing a weapon at someone can give rise to a § 1983 claim (See Robinson v. Solano County, 278 F.3d 1007 (9th Cir.2002)(en banc)(pointing a gun at an unarmed suspect could give rise to an excessive force claim), the meager facts alleged here do not state a claim.

6

### C. Deliberate Indifference to Serious Medical Needs

Because prisoners must rely upon officials for medical care, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. . . proscribed by the Eighth Amendment." Estelle, 492 U.S. at 104 (internal citation and quotation marks omitted). To state a cognizable claim of inadequate medical care on Eighth Amendment grounds, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." Jett, 439 F.3d at 1096. First, the plaintiff must show a serious medical need by demonstrating that failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.[2] Jett, 439 F.3d at 1096; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A prison official is "deliberately indifferent" if he actually knows that a prisoner faces a substantial risk of serious harm and disregards that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, the second prong is satisfied by the plaintiff showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 291 F.3d 1051, 1060 (9th Cir. 2004). In clarifying the culpability required for "deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference.

---

[2] An injury that a reasonable doctor or patient would find important and worthy of treatment, the presence of a medical condition that significantly affects a person's daily activities, or the existence of chronic and substantial pain may be indications that a prisoner has a "serious" need for medical treatment. McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

7

1  Farmer, 511 U.S. at 837.  Therefore, a defendant must be "subjectively aware that serious harm is
2  likely to result from a failure to provide medical care." Gibson v. County of Washoe, 290 F.3d 1175,
3  1193 (9th Cir. 2002) (emphasis omitted).  Where a defendant should have been aware of the risk of
4  substantial harm but was not, "then the person has not violated the Eighth Amendment, no matter
5  how severe the risk." Id. at 1188.
6       In this case, Plaintiff alleges that he suffered "numerous cuts and gashes to the back of his
7  right hand and a dislocated right thumb, which has healed on its own defectively." (Doc. 7 at 8)
8  Given the minimal pleading burden, these allegations are sufficient to show a serious medical need.
9       Plaintiff asserts also that "all defendants deprived Plaintiff of his right to receive emergency
10 medical care guaranteed by the United States Constitution." Id. at 14.  However, these factual
11 allegations fail to support such a statement and do not establish deliberate indifference on the part of
12 each of the defendants.  Deliberate indifference may be manifested "by prison guards in intentionally
13 denying or delaying access to medical care." Estelle, 492 U.S. at 104-05.  However, "the plaintiff[]
14 must show that the defendant officials had actual knowledge of the plaintiff's basic human needs *and*
15 deliberately refused to meet those needs." Johnson v. Lewis, 271 F.3d 726, 734 (9th Cir. 2000)
16 (emphasis added).  Notably, Plaintiff alleges only that he requested medical care from defendant
17 Martinez, who refused to provide the care.  There are no factual allegations that defendants David,
18 Masiel, Davis, or the Warden were aware of his need for medical care and denied it.  Therefore,
19 Plaintiff states a cognizable claim against Martinez only for deliberate indifference to Plaintiff's
20 serious medical needs.
21       D.  Right to Personal Safety
22       Prison officials have a duty to take reasonable steps to protect inmates from physical abuse,
23 and one of the "basic human needs" that prison officials must provide is personal safety. Hoptowit
24 v. Ray, 682 F.2d 1237, 1247, 1250-51 (9th Cir. 1982); see also Toussaint v. McCarthy, 801 F.2d
25 1080, 1107 (9th Cir. 2006).  To establish a violation of this duty, a plaintiff must establish that prison
26 officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety.
27 Farmer, 511 U.S. at 834.  As above, the deliberate indifference inquiry involves objective and
28 subjective prongs: the deprivation must be "sufficiently serious," and the prison official must have a

"sufficiently culpable state of mind. . . of 'deliberate indifference' to inmate. . . safety." Id., quoting Wilson v. Seiter, 501 U.S. 294, 297, 302-03 (1991).

Here, Plaintiff has alleged facts of defendants causing him injury in a seemingly isolated incident. Insofar as Plaintiff implies that the supervisory defendants had an obligation to protect him from uses of excessive force, this liability is addressed below by the Court.

E.  Supervisor Liability

In response to his original complaint, the Court previously advised Plaintiff that,

> To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*.

Doc. 6 at 13 (internal quotation marks and citations omitted). Plaintiff asserted that he "made this institution and its administrative employees aware of the retaliation, violent use of force, and treats directed toward Plaintiff" and that "defendants Director of Corrections and Warden of Corcoran knew of the violations and failed to act to prevent them." (Doc. 7 at 8)  However, Plaintiff has failed to allege facts to support that these defendants knew of the alleged unlawful action. Furthermore, the deliberate indifference standard is only met when prison officials have actual knowledge; it is not sufficient to allege that the defendants *should have* been aware of the medical needs or threats to Plaintiff's safety. Therefore, the complaint as to defendants Davis and Warden of Corcoran is **DISMISSED**.

**V.  Conclusion and Order**

Plaintiff states cognizable claims for retaliation and use of excessive force against defendants David and Masiel. He has stated a cognizable claim for retaliation and for deliberate indifference to a serious medical need against defendant Martinez but he has failed to state a claim for excessive force against this defendant. Finally, he fails to state cognizable claims against defendants Davis or the Warden of Corcoran.

Once more, this Court will provide Plaintiff with the opportunity to file an amended

9

complaint curing the deficiencies identified by the Court in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff is advised that the Court will permit only one more attempt at amending the complaint, before dismissing claims with prejudice.

Alternatively, Plaintiff may notify the Court in writing that he does not wish to file an amended complaint and is agreeable to proceeding only against defendants David, Masiel, and Martinez on his claims for retaliation and against David and Masiel for use of excessive force, and against Martinez on deliberate indifference to a serious medical need.  At that time, the Court will dismiss defendants Davis and the Warden of Corcoran, and will forward Plaintiff three summonses and three USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff chooses to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 129 S.Ct. At 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the amended complaint  must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567, citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981); accord. Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within 20 days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he is willing to proceed only on the cognizable

claims of:

    i.    Retaliation against defendants David, Masiel and Martinez;

    ii.    Excessive force against defendants David and Masiel; and

    iii.    Deliberate indifference to a serious medical need against defendant Martinez.

2. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **October 8, 2010**                                       **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE