IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>WOODFORD, et al.,<br><br>　　　　　　Defendants.<br>_____ | ) Case No.: 1:08-cv-00369 AWI JLT<br>)<br>) ORDER ADOPTING THE FINDINGS AND<br>) RECOMMENDATIONS DENYING<br>) DEFENDANTS' MOTION TO DISMISS<br>)<br>) (Docs. 18, 26)<br>)<br>)<br>) |

Defendants David, Masiel, and Martinez (collectively, "Defendants") filed a motion to dismiss, arguing Plaintiff failed to exhaust the available administrative remedies prior to commencing the action. In addition, Defendants assert Plaintiff failed to state a claim against defendant Masiel, who they argue is entitled to qualified immunity. (Doc. 18). On April 26, 2011, the Magistrate Judge recommended Defendant's motion to dismiss be denied. (Doc. 26).

**I.  Motion to dismiss for failure to exhaust administrative remedies under the PLRA**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to exhaust all administrative remedies prior to filing suit. 42 U.S.C. §1997e(a); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007). However, the exhaustion requirement is an affirmative defense under which defendants must prove the plaintiff failed to exhaust administrative remedies, and exhaustion is not a pleading requirement. <u>Jones</u>, 549 U.S. at 216. Failure to exhaust administrative remedies may be excused when a prisoner takes "reasonable and appropriate steps to exhaust [a] claim," but the actions or

1  misconduct of a prison official preclude the inmate from exhaustion.  Nunez v. Duncan, 591 F.3d
2  1217, 1224-25 (9th Cir. 2010); Ngo v. Woodford, 592 F.3d 1108, 1110 (9th Cir. 2008).
3         The Magistrate Judge found that the evidence offered by Defendants in support of their
4  assertion that Plaintiff failed to exhaust administrative remedies at the prison also corroborates
5  Plaintiff's statement that he attempted to file his appeal properly, but the form was not handled in
6  accordance with the administrative procedures.  See Roberts v. Salano, 2009 U.S. Dist. LEXIS
7  44438, at *7 (E.D. Cal. May 29, 2007).  Therefore, the Magistrate Judge determined Defendants
8  failed to demonstrate Plaintiff's failure to exhaust administrative remedies should not fall under the
9  exception.

10 **II.   Motion to dismiss for failure to state a claim**
11         On a motion to dismiss for failure to state a claim, "review is limited to the complaint."
12 Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  "To survive a motion to dismiss,
13 a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
14 plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.
15 Twombly, 550 U.S. 544, 570 (2007)).  Pleadings are construed in the light most favourable to the
16 plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17     **A.   First Cause of Action:  Retaliation**
18         A cognizable claim for retaliation requires the plaintiff to establish: "(1) An assertion that a
19 state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
20 conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5)
21 the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d
22 559, 567-68 (9th Cir. 2005).
23         The Magistrate Judge noted Masiel participated in Plaintiff's escort across the SHU yard,
24 during which David grabbed Plaintiff by the collar and pushed him repeatedly, though Plaintiff was
25 restrained.  The Magistrate Judge noted also Masiel was present when David made threats to
26 Plaintiff, explicitly because of Plaintiff's lawsuit against defendant Martinez.  Further, Masiel was
27 present when David encouraged Plaintiff to resist so David could "'Fuck' Plaintiff 'up.'"  Finally,
28 the Magistrate Judge noted Masiel squeezed Plaintiff's arms while making derogatory comments and

1  threatened to kill Plaintiff.  The Magistrate Judge concluded, "Taken together, these allegations
2  create a reasonably inference that Masiel condoned the abuse inflicted by David, and just has David
3  had done, took action and made comments in order to dissuade Plaintiff from pursuing the lawsuit
4  against Martinez." (Doc. 26 at 11).  Consequently, the Magistrate Judge found the factual
5  allegations were sufficient to state a claim against Masiel.

6   **B.  Second Cause of Action:  Excessive Force**

7  With an excessive force claim, the relevant inquiry is whether "force was applied in a good-
8  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson
9  v. McMillian, 503 U.S. 1, 6-7 (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  To
10 determine whether the force used was a violation of a plaintiff's constitutional rights, the Court may
11 consider "the need for the application of force, the relationship between the need and the amount of
12 force that was used, [and] the extent of injury inflicted."  Whitley, 475 U.S. at 321; Marquez v.
13 Guiterriez, 322 F.3d 689, 692 (9th Cir. 2003).

14 The Magistrate Judge found the remarks made to Plaintiff by Masiel "support an inference
15 that [Masiel] acted maliciously and sadistically for the purpose of causing harm." (Doc. 26 at 8).
16 Also, the Magistrate Judge noted the amount of force used by Masiel was "in excess of that needed
17 but was not enough to cause Plaintiff any physical injury."  (Id.)  However, the Magistrate Judge
18 observed Masiel was present when David subjected him to excessive force, and Masiel failed to
19 intervene, and that "a prison official can violate a prisoner's Eighth Amendment rights by failing to
20 intervene."  (Id.) (quoting Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995)).  Given that
21 Masiel failed to intervene with David's actions, and Masiel squeezed Plaintiff's arms while voice
22 threats, the Magistrate Judge found Plaintiff's allegations were sufficient to state a cause of action
23 under the Eighth Amendment's prohibition against cruel and unusual punishment.

24 **III.  Qualified Immunity for Masiel**

25 Qualified immunity may shield a government official from liability for civil damages unless
26 his conduct violates "clearly established statutory or constitutional rights of which a reasonable
27 person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In general, the test for
28 qualified immunity requires "(1) identification of the specific right being violated; (2) determination

3

of whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) a determination of whether a reasonable officer would have believed that the policy or decision in question was lawful." McDade v. West, 223 F.3d 1135, 1142 (9th Cir. 2000).

Defendants admitted Masiel had a clearly established duty to protect Plaintiff from the unlawful force used by others. The Magistrate Judge determined Plaintiff sufficiently alleged violations of his rights under the First Amendment and Eighth Amendment. In addition, the Magistrate Judge found the prohibition on retaliatory action against a prisoner for the filing of a civil complaint is a clearly established law. Therefore, the Magistrate Judge concluded defendant Masiel failed to establish that he was entitled to qualified immunity.

## IV.   Conclusion and Order

Although the parties were granted 21 days from April 26, 2011, or until May 17, 2011, to file objections to the Magistrate's Judge's Findings and Recommendations denying Defendants' motion, neither Plaintiff nor Defendants filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed April 26, 2011 (Doc. 26), are **ADOPTED IN FULL**; and
2. Defendants' motion to dismiss (Doc. 18) is **DENIED**.

IT IS SO ORDERED.

Dated:   June 6, 2011

CHIEF UNITED STATES DISTRICT JUDGE