1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   GEORGE E. JACOBS, IV, | Case No. 1:08-cv-00369 JLT (PC) |
| 12              Plaintiff, | PRETRIAL ORDER |
| 13              v. | Deadlines: |
| 14   JEANNE WOODFORD, et al., | Motions in Limine Filing: 1/4/13 |
| 15              Defendants. | Oppositions to Motions in Limine: 1/18/13 |
| 16 | Trial Submissions: 1/18/13 |
| 17 | **Jury trial:  2/5/13, 8:30, Courtroom 6** |

18
19              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

20   action pursuant to 42 U.S.C. § 1983. This matter has completed discovery and dispositive

21   motions have been decided.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the

     Court will by this order set a further schedule for this litigation.  Upon consideration of the
22
     parties' comments at hearing, the parties' pretrial statements and the file in this case, the Court
23
     issues the following pretrial order.
24
     A.      JURISDICTION/ VENUE
25
             Plaintiff seeks relief under 42 U.S.C. § 1983.  Therefore, the Court has jurisdiction over
26
     this matter pursuant to 28 U.S.C. §§ 1331 and 1343.  In addition, Plaintiff's claims arise out of
27
     events that occurred at Corcoran Prison, located in Corcoran, California.  Accordingly, venue is
28

proper in the United States District Court for the Eastern District of California sitting in Bakersfield.  28 U.S.C. § 1391.

**B.     JURY TRIAL**

Plaintiff included a demand for jury trial in his original complaint.  Defendants also included a demand for jury trial in their answers.  Accordingly, trial will be by jury.

**C.     UNDISPUTED FACTS**

1.     Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) and is serving a thirty-year-to-life sentence for a 1994 felony conviction.

2.     On July 24, 2007, Defendants were employed by CDCR at COR.

3.     David and Masiel were Correctional Officers, and Martinez was a Sergeant.

4.     Defendants were assigned to and Plaintiff was housed in Building 2 on Facility 4A at COR.

5.     Facility 4A is one of the security housing units (SHU) at COR.

6.     At approximately 1:15 p.m., Plaintiff was in handcuffs inside his cell.

7.     Plaintiff complained that his hand was injured.

8.     At all times relevant, Defendants acted under color of state law.

**D.     DISPUTED FACTS**

All other facts are disputed.

**E.     DISPUTED EVIDENTIARY ISSUES**

Plaintiff's Evidentiary Issues

1.     Plaintiff anticipates a dispute over the admissibility of evidence of past misconduct of Defendants, Plaintiff's past disciplinary records and other documents containing hearsay.

Defendants' Evidentiary Issues

1.     Whether Plaintiff may testify regarding his medical condition, diagnosis or prognosis related to his right hand.

2.     Whether Plaintiff may testify or elicit testimony regarding dismissed Defendants or claims and unrelated claims and individuals.

3.      Whether Plaintiff may testify or elicit testimony regarding Defendants' involvement in other lawsuits or incidents alleging excessive force or denial of medical care.

4.      Whether Plaintiff may testify or elicit testimony regarding Plaintiff's conspiracy theories that Defendants and prison staff fabricated reports and improperly issued a disciplinary report against him.

5.      Whether Plaintiff may testify or elicit testimony regarding offers to compromise.

6.      Whether Plaintiff may testify or elicit testimony regarding CDCR's indemnification of employees in the event of an adverse judgment.

7.      Whether Defendants may introduce evidence of Plaintiff's and any incarcerated witness's felony conviction or sentence for impeachment purposes.

8.      Defendants anticipate objecting to various exhibits Plaintiff intends to use at trial.

**F.      SPECIAL FACTUAL INFORMATION**

None.

**G.      RELIEF SOUGHT**

Plaintiff seeks injunctive relief judgment requiring cameras to be installed inside the housing units and a newly created investigative service unit to investigate claims of excessive force. However, because the CDCR is not a defendant in this matter, this relief is not appropriate and may not be sought. In addition, Plaintiff seeks compensatory and punitive in the amount of $100,000 per defendant and $50,000 on the retaliation claim. Plaintiff also seeks his cost of suit. However, because Plaintiff has not paid cost of suit, he is not entitled to recover costs.

Defendants seek judgment in their favor and costs.

**H.      POINTS OF LAW**

**1.      Section 1983**

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived

1  him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West

2  v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

3  "A person deprives another of a constitutional right, within the meaning of section 1983, if he

4  does an affirmative act, participates in another's affirmative acts, or omits to perform an act

5  which he is legally required to do that causes the deprivation of which [the plaintiff complains]."

6  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743

7  (9th Cir. 1978)).  There must be an actual causal connection between the actions of each

8  defendant and the alleged deprivation.  See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

9        **2.**      **Excessive Force**

10        When a prison official uses excessive force against a prisoner, he violates the inmate's

11  Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298

12  F.3d 898, 903 (9th Cir.2002). "Force does not amount to a constitutional violation in this respect

13  if it is applied in a good faith effort to restore discipline and order and not 'maliciously and

14  sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312,

15  320-21 (1986)). To make this determination, the Court may evaluate "the need for application of

16  force, the relationship between that need and the amount of force used, the threat 'reasonably

17  perceived by the responsible officials,' . . . 'any efforts made to temper the severity of a forceful

18  response'" and the extent of any injury inflicted. Hudson v. McMillian, 503 U.S. 1, 7 (1992).

19  The malicious and sadistic use of force by prison officials always violates contemporary

20  standards of decency (Hudson v. McMillian, 503 U.S. 1, 9 (1986)), even where there is no visible

21  physical injury resulting. Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (excessive force

22  standard examines de minimis uses of force, not de minimus injuries).

23        **3.**      **Retaliation**

24        Prisoners have a constitutional right under the First Amendment to be free from retaliation

25  for participating in "protected speech activities." Pratt v. Rowland, 65 F.3d 802, 806 & n. 4 (9th

26  Cir.1995). To obtain summary judgment on a claim of retaliation, Defendants have the burden to

27  demonstrate that there are no genuine issues of fact supported by evidence as to at least one of the

28  essential elements of a retaliation claim and, as a result, the plaintiff cannot prevail on the claim.

1   Celotex, 477 U.S. at 323.  "[A] viable claim of First Amendment retaliation entails five basic

2   elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

3   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

4   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

5   correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005). An allegation of

6   retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to

7   support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003)

8          **4.      Deliberate Indifference to Medical Care**

9          To establish a violation of the Eighth Amendment based on inadequate medical care, a

10  plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate

11  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other

12  words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately

13  indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

14         A medical need is serious "if the failure to treat the condition could result in further

15  significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974

16  F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104

17  F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment

18  include: the existence of an injury that a reasonable doctor or patient would find worthy of

19  comment or treatment; the presence of a medical condition that significantly affects an

20  individual's daily activities; or the existence of chronic and substantial pain.  McGuckin, 974 F.2d

21  at 1059-60 (citations omitted).

22         A defendant acts with deliberate indifference when he knowingly fails to respond to a

23  serious medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S.

24  825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant

25  denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States,

26  838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal

27  standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,'

28  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

1  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  A difference

2  in opinion between a physician and his patient over the best course of treatment is also

3  insufficient to demonstrate deliberate indifference.  *See* Jackson v. McIntosh, 90 F.3d 330, 332

4  (9th Cir. 1996).

5      **5.      Admissibility of Felony Convictions**

6      Federal Rules of Evidence 609(a) provides in relevant part,

7      The following rules apply to attacking a witness's character for truthfulness by
       evidence of a criminal conviction:
8

9      (1)      for a crime that, in the convicting jurisdiction, was punishable by death or
       by imprisonment for more than one year, the evidence:
           (A)      must be admitted, subject to Rule 403, in a civil case or in a
10     criminal case in which the witness is not a defendant; . . .

11  However, generally, a conviction will not be admitted if more than 10 years have passed since the

12  time the witness was released from confinement on the charge.  However, the 10-year presumptive

13  bar does not apply if the witness remains in custody for the charge.  Nevertheless, in either

14  situation, the conviction may not be admitted if its probative value is outweighed by its prejudicial

15  effect.  F.R.E. 609(b).

16      **6.      Qualified Immunity**

17      Qualified immunity protects government officials from "liability for civil damages insofar

18  as their conduct does not violate clearly established statutory or constitutional rights of which a

19  reasonable person would have known."   Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

20  Qualified immunity "balances two important interests – the need to hold public officials

21  accountable when they exercise power irresponsibly and the need to shield officials from

22  harassment, distraction, and liability when they perform their duties reasonably." Pearson v.

23  Callahan, 555 U.S. 223, 231 (2009).

24      The threshold inquiry is whether the facts alleged, when taken in the light most favorable

25  to the plaintiff, show the defendant violated a constitutional right. Saucier v. Katz, 533 U.S. 194,

26  201 (2001). If there is a constitutional violation, "the next sequential step is to ask whether the

27  right was clearly established."  Id. Finally, the right must be so "clearly established" that "a

28  reasonable official would understand that what he is doing violates that right."  Id. at 202; *see*

*also* <u>McDade v. West</u>, 223 F.3d 1135, 1142 (9th Cir. 2000) ("The test for qualified immunity is: (1) identification of the specific right being violated; (2) determination of whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) a determination of whether a reasonable officer would have believed that the policy or decision in question was lawful").

**7.    Punitive Damages**

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence.  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that the defendant's conduct is "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others."  <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1986).  <u>See</u> <u>also</u> <u>Larez v. Holcomb</u>, 16 F.3d 1513, 1518 (9th Cir. 1994).

**I.    ABANDONDED ISSUES**

Plaintiff notes that his claim for "a violation to his right to personal safety was dismissed on November 6, 2010."

**J.    WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

<u>Plaintiff anticipates calling the following witnesses</u>:

1.    Kevin Fields, CDCR # P83425

2.    Rodney Jones, CDCR #D55984

3.    CO B. David

4.    CO J. Masiel

5.    CO J. Martinez

6.    Lt. D. Ruiz

7.    Sgt. D. Smith

8.    D. Price, LVN

9.    Lt. J. Callow

10.   CO M. Hernandez

11.   J. Guzman

12.   CO I. Vela Lopez

13.   George Jacobs

Plaintiff has filed a motion for incarcerated witnesses to be present.  (Doc. 62)  The Court will address this motion in a separate order.

Defendants anticipate calling the following witnesses:

1.    George E. Jacobs

2.    B. David

3.    J. Martinez

4.    J. Masiel

5.    Lt. D.J. Ruiz

6.    Sgt. D. Smith

7.    CO D. Morales

8.    D. Price, LVN

9.    Custodian(s) of Records for Plaintiff's central file and medical records with CDCR

**K.    EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

Plaintiff's Exhibits

1.    602 dated 10-17-06 by Plaintiff

2.    602 dated 5/27/07 by inmate Rodney Jones

3.    602 dated 7/29/07 by Plaintiff

4.      602 dated 1/7/08 by Plaintiff

5.      602 dated 7/29/07 by Plaintiff

6.      Letter to IA dated 12/17/07

7.      Plaintiff's Inmate request for interview dated 8/30/07

8.      Letter from US DOJ dated 2/20/08

9.      Letter from US DOJ dated 11/2/07

10.     Letter from Inspector General dated 1/2/08

11.     RVR dated 7/24/07

12.     Declaration of Kevin Fields

13.     Declaration of Davon McCoy

14.     Declaration of Larry Alexander

15.     Declaration of Charles Austin Parks

16.     Declaration of Plaintiff

17.     Letter from Director of Corrections dated 12/7/07

18.     Chapter 12 Urgent Response Policy dated January 2006

19.     Chapter 18 Medical Evaluation of Inmate-Patients Involved in Assaults, Cell Extraction, or Use of Force, dated January 2006

20.     Operational Procedure No. 222 Specialty Housing Addendum

21.     CDCR Memorandum dated 2/14/07

22.     Post Order 280383, 4A2 Building Sergeant Dated 10/06-10/07

23.     Post Order 283484, 4A2 Floor Officer #1 Dated 10/06-10/07

24.     Post Order 283487, 4A2 Floor Officer #2 Dated 10/06-10/07

25.     Post Order 283490, 4A2 Floor Officer #3 Dated 10/06-10/07

26.     Annual Audit of Training for J. Masiel Dated 1/1/06

27.     Annual Audit of Training for J. Martinez Dated 1/1/06

28.     Annual Audit of Training for B. David Dated 1/1/06

29.     15 CCR §§ 3004, 3268, 3268.1, 3268.2, 3268.3, 3271

///

Defendants' Exhibits

1.    Inmate Segregation Record, Record of Daily Activity (CDC 114-A), dated July 24, 2007

2.    Rules Violation Report (CDC 115) Log No. 4A2-07-07-27 (complete copy)

3.    Outpatient Interdisciplinary Progress Notes, dated July 26, 2007

4.    Physician's Orders, dated July 26, 2007

5.    SHU Weekly Cell Checks & Monthly Summary, dated July 30 and 31, 2007

6.    Interdisciplinary Progress Notes (Mental Health), dated August 2, 2007

7.    Interdisciplinary Progress Notes (Mental Health), dated August 7, 2007

8.    Health Care Services Request Form, dated August 28, 2007

9.    Encounter Form: Musculoskeletal Complaint (Non-Traumatic), dated August 31, 2007

10.   Flow Sheet: Hunger Strike, dated September 17, 2007

11.   Flow Sheet: Hunger Strike, dated September 18, 2007

12.   Refusal of Examination and/or Treatment (CDC 7225), dated September 1 to 20, 2007

13.   Photographs/Diagram of Plaintiff's Cell in Building 2 on Facility 4A at COR

14.   Abstract Judgment for Plaintiff's committed offense[1]

On or before **December 21, 2012**, each party shall provide the other with a copy of any exhibit <u>not previously</u> produced during discovery that the party intends to present at trial.  In addition, the original and four copies of all trial exhibits, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **January 30, 2013.**[2] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 1 (e.g., PX-1, PX-2, etc.).  Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with 500 (e.g., DX-500, DX-501, etc.).

---

[1] The Court has deleted the two custodians of records for the central and medical file in light of the stipulation that these records may be used without an authenticating witness.

[2] This includes the Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand, and one to retain for themselves.

1    The Parties shall number each page of any exhibit exceeding one page in length.

2    **L.      DISCOVERY DOCUMENTS**

3    The following is a list of discovery documents – portions of depositions, answers to

4    interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.

5    NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY

6    BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS

7    ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P.

8    16(e); Local Rule 281(b)(12).

9    Plaintiff's Discovery Documents

10   1.      Defendants' responses to request for admissions, set one

11   2.      Defendants' responses to interrogatories, set one

12   3.      Defendants' responses to request for production of documents, sets one though

13   three

14   Defendants' Discovery Documents

15   1.      Defendants anticipate using the transcript of Plaintiff's deposition.

16   **M.      FURTHER DISCOVERY OR MOTIONS**

17   Discovery closed in this action on March 8, 2012.  Plaintiff has filed a request for the

18   Court to issue subpoenas duces tecum (Doc 63) which the Court will address by separate order.

19   **N.      Motions in Limine**

20   Any party may file motions in limine. The purpose of a motion in limine is to establish in

21   advance of the trial that certain evidence should not be offered at trial. Although the Federal

22   Rules do not explicitly provide for the filing of motions in limine, the court has the inherent

23   power to hear and decide such motions as a function of its duty to expeditiously manage trials by

24   eliminating evidence that is clearly inadmissible for any purpose.  Luce v. United States, 469 U.S.

25   38, 41 n.4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir.

26   1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question,

27   only if the moving party establishes that the evidence clearly is not admissible for any valid

28   purpose.  Id.

11

All motions in limine must be served on the other party, and filed with the Court, by **January 4, 2013.** The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **January 18, 2012**. The Court will decide all motions in limine upon the written submissions.  The parties are reminded that they may still object to the introduction of evidence during trial.

**N.     STIPULATIONS**

The parties agree that unaltered records from Plaintiff's central and medical files maintained by CDCR and any CDCR record generated and maintained in the regular course of business, may be used as exhibits at trial without the need for an authenticating witness. The parties may still raise other objections to the introduction of the records, as appropriate.

**O.     AMENDMENTS/ DISMISSALS**

None at this time.

**P.     SETTLEMENT NEGOTIATIONS**

He parties have engaged in informal settlement discussions which were not successful.

**Q.     AGREED STATEMENT**

None.

**R.     SEPARATE TRIAL OF ISSUES**

The Court will bifurcate the issue of the amount of punitive damages.  If the jury finds that the Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**S.     EXPERTS**

Though Plaintiff asserts that there may be need of an impartial expert in the future, he fails to explain the type of expert he believes is needed or, even, that one should be appointed now. Thus, Court will not appoint impartial experts.

**T.     ATTORNEYS' FEES**

Plaintiff is proceeding *pro se* and is not entitled to attorney's fees.  Defendants do not seek attorneys' fees.

**U.      TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **February 5, 2013**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 2500 Tulare Street, Fresno, California.  Trial is expected to last no longer than 2-3 days.

**V.      TRIAL PREPARATION AND SUBMISSIONS**

**1.      Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **January 18, 2013.**

**2.      Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **January 18, 2013.**

**3.      Statement of the Case**

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 18, 2013.** The Court will consider the parties' statements but, as necessary, will draft its own statement.  The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

**4.      Jury Instructions**

Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **January 11, 2013.**  If Plaintiff also wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so on or before **January 18, 2013.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.  All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering

1   the instruction or supporting authority or the customary legend of the Court's disposition.

2   Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at

3   JLTOrders@caed.uscourts.gov. If Plaintiff elects to file any proposed jury instructions, he may

4   file those, as normal, under this case number with the Clerk of the Court.

5          **5.     Verdict Form**

6          Defendants shall file a proposed verdict form as provided in Local Rule 163 on or before

7   **January 11, 2013.**  If Plaintiff also wishes to file a proposed verdict form or object to the one

8   filed by Defendants, he must do so on or before **January 18, 2013.**

9   **W.     OBJECTIONS TO PRETRIAL ORDER**

10         Any party may, within 10 days after the date of service of this order, file and serve written

11  objections to any of the provisions set forth in this order. Such objections shall clearly specify the

12  requested modifications, corrections, additions or deletions.

13  **X.     MISCELLANEOUS MATTERS**

14         None.

15  **Y.     COMPLIANCE**

16         Strict compliance with this order and its requirements is mandatory.  All parties and their

17  counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply

18  with this order and its requirements.

19

20  IT IS SO ORDERED.

21      Dated:   **November 30, 2012**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28