IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>  Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD, et al.,<br><br>  Defendants. | Case No. 1:08-cv-00369 JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING PART MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. 62) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for attendance of incarcerated witnesses. (Doc. 62) In the motion, Plaintiff seeks to have four inmate-witnesses transported for trial; Kevin Fields, Rodney Jones and two, unknown inmates. Defendants oppose the motion as to Jones and the two unnamed inmates but do not oppose the motion as to Fields.

For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

**I.  Background**

This action is proceeding on Plaintiff's first amended complaint, filed February 16, 2010. The events at issue in this action occurred at the Corcoran State Prison in Corcoran, California, on

July 24, 2007.

On that date, Plaintiff alleges that David and Masiel subjected him to excessive force for filing a lawsuit against their, supervisor, Martinez. He claims also that Martinez made implied threats against him in retaliation for the litigation and that when he asked Martinez for medical care for his injuries suffered in the incident of excessive force, Martinez refused. Thus, Plaintiff is proceeding against all of the defendants for retaliation in violation of the First Amendment and for violations of the Eighth Amendment, including a claim of excessive force against David and Masiel and a claim for denial of medical care against Martinez. (Doc. 9 at 10-11.)

On October 17, 2012, the Court issued its second scheduling order. (Doc. 58) This order required Plaintiff to file a request to have incarcerated witnesses transported, if he wished to do so. In particular, the Court advised, "The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts." As to an incarcerated witness who agrees to testify, Plaintiff was required to demonstrate that the witness had firsthand knowledge of the events and is willing to testify. Id. at 2-3. A detailed declaration was required to demonstrate both issues. Id.

In Plaintiff's motion he seeks to have inmates Kevin Fields, Rodney Jones and two inmates identified as "John Doe."

**A.    Kevin Fields**

Plaintiff has submitted a declaration from inmate Fields in which Fields attests that on the date of the incident, he heard Defendant David "threaten to beat" Plaintiff because he was talking during the escort. (Doc. 62 at 9) Later that day, he saw David and another officer threatening Plaintiff. Id. He attests also that he heard David tell Plaintiff that he was going to "fuck his black ass up" when they arrived at Plaintiff's cell. Id. Fields claims that Masiel was present with David and Plaintiff when this occurred. Id. Finally, Fields reports that David said to Masiel, "Fuck. Out of all of the people to bring back from the law library J you had to bring that fucker." Id. Fields claims that when David left with Plaintiff, Masiel left Fields with another officer and said he was going to help them beat "that black piece of shit down" when referring to Plaintiff. Id. at 10. Fields asserts that he is willing to testify in the matter. Id.

Based upon this declaration, the Court finds that inmate Fields is willing to testify and has actual knowledge of the events at issue. Therefore, as to inmate Fields, the Court **GRANTS** the request for Fields to be transported for trial.

### B.     Rodney Jones

Plaintiff claims that inmate Jones has firsthand knowledge of "pertinent facts" and has "had incidents with these defendants under similar or same circumstances as Plaintiff's operating facts." (Doc. 62 at 7-8)  Plaintiff attaches a 602 grievance form submitted by Jones in which he alleges that Defendant David withheld breakfast and lunch from him" to punish him for a verbal disagreement. Id. at 11.  In addition, Jones complained that David "began taunting and threatening" him about legal documents during an escort. Id. at 13.  Jones complained that the documents were left in the housing office by Martinez and were lost, when Jones was moved to a different cell assignment. Id.  Though Jones was granted an inquiry into the situation, the grievance was denied at all levels in all other respects. Id. at 16-17.  It appears that Plaintiff would like to introduce this testimony in order to bolster his claim about what happened to him on July 24, 2007.

Bad character evidence—evidence which is sought to be introduced to demonstrate that a defendant acted in conformity with his bad character--is, generally, not admissible.  Federal Rules of Evidence 404(a) provides, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Likewise, evidence of other crimes or bad acts committed by a defendant, are not admissible to prove he committed the bad act at issue.   "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). There are limited exceptions to this rule.  For example, this evidence may be admitted to demonstrate, "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Here, Plaintiff has failed to demonstrate that this evidence is offered for any reason other than to demonstrate that David acted the same with Plaintiff as he did with Jones. This is not permitted.

On the other hand, evidence of a person's habit may be admitted to demonstrate that on a particular occasion, the person acted in the same manner. Fed. R. Evid. 406. However, habit evidence "describes one's regular response to a repeated specific situation." Fed.R.Evid. 406 advisory committee note (describing conduct that qualifies as habit as 'semi-automatic')." "[I]nteractions Defendant purportedly had with less than a handful of people on a few occasions do not come close to showing reflex. [Citation]. Defendant has presumably interacted with hundreds, if not thousands, of people over the course of his life, and his aggression toward those who verbally challenge or criticize him is an act of volition, not a reflexive or semi-automatic response." Morris v. Long, 2012 WL 3276938 at *11 (E.D. Cal. Aug. 9, 2012) (citation omitted.)

The testimony proffered by Jones does not amount to habit evidence. First, though the evidence would show that David taunted and threatened Jones about his legal papers, there is no claim that he subjected him to retaliation or excessive force. Even if the Court concludes that the circumstances with Jones are identical to those with Plaintiff, as a correctional officer, David has numerous contacts everyday with inmates who are involved in legal matters and who, as a result, have legal documents. These contacts must number in the thousands. To suggest that invariably he threatens and taunts every such inmate based upon the two incidents before the Court, is insufficient to demonstrate a habit. Thus, because the evidence will not be admitted at trial, the Court **DENIES** Plaintiff motion as it relates to Jones.

### C.     The two "John Doe" inmates

The Court is unable to order the transportation of inmates without having their names. Though Plaintiff has sought the issuance of a subpoena duces tecum to determine this information, discovery has closed and Plaintiff failed to seek the identity of these inmates during that process. The Court will not reopen discovery given that Plaintiff has failed to demonstrate diligence in obtaining discovery.[1] Thus, the only method available to him is to have the information produced at the time of trial. However, by that point, it would be too late to have the

---

[1] In fact, the Court extended the discovery period so that Plaintiff could propound the only discovery he sought. (Doc. 39) By that time, nearly all of the eight months allowed for discovery had elapsed. (Doc. 29) Thus, it is clear that Plaintiff failed to utilize diligently the authorized discovery period such to justify a reopening of discovery now. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

inmates transported for the trial.  Thus, because Plaintiff has failed to identify the names of the inmates he wishes transported, the Court **DENIES** Plaintiff motion as it relates to the unidentified inmate-witnesses.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attendance of incarcerated witness (Doc. 62) is **GRANTED** as to inmate Kevin Fields and **DENIED** as to the remaining inmate-witnesses.

IT IS SO ORDERED.

Dated:   **November 30, 2012**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE