IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants. | Case No. 1:08-cv-00369 JLT (PC)<br><br>ORDER DENYING MOTION FOR COURT TO ISSUE SUBPOENAS DUCES TECUM<br><br>(Doc. 63) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for the Court to issue subpoenas duces tecum for production of documents at the time of trial. (Doc. 63) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

**I.  Background**

On July 24, 2007, Plaintiff alleges that David and Masiel subjected him to excessive force for filing a lawsuit against their, supervisor, Martinez.  He claims also that Martinez made implied threats against him in retaliation for the litigation and that when he asked Martinez for medical care for his injuries suffered in the incident of excessive force, Martinez refused.  Thus, Plaintiff is proceeding against all of the defendants for retaliation in violation of the First Amendment and for violations of the Eighth Amendment, including a claim of excessive force

1

1  against David and Masiel and a claim for denial of medical care against Martinez. (Doc. 9 at 10-
2  11.)

3  On November 26, 2012, Plaintiff filed the current motion requesting the Court issue a
4  subpoenas duces tecum to the California Department of Corrections and Rehabilitation.  (Doc.
5  63) Notably, the CDCR is not a party to this case.  In essence, Plaintiff seeks three items of
6  information.  The first and second items are the "4A Yard Facility law library entry log book for
7  the month of July 2007, and the 4A Yard Building 2 Right entry log book for the month of July."
8  The third item is the name and current location of the inmates housed on either side of his cell on
9  July 24, 2007.

10  On November 30, 2012, the Court held the pretrial conference.  (Doc. 67)  At that hearing,
11  the Court questioned Plaintiff as to why he wanted the log books for the entire month of July
12  2007, given that this event occurred on a specific date of that month, as to which Plaintiff *does*
13  have the logs.  (Doc. 63 at 3)  Plaintiff explained that he had been working on the lawsuit against
14  Martinez for six months before the incident and had no recollection of whether these officers
15  escorted him to the law library in July before the incident.  He explained that the logs would
16  demonstrate whether they did and that if they did, this would show that the officers knew that he
17  was working on a lawsuit against Martinez.  Plaintiff could not explain how the officers would
18  know—merely from the fact that Plaintiff visited the law library--that the legal matters on which
19  he worked while there, concerned Martinez.  On the other hand, Plaintiff claimed that he told
20  them about the lawsuit.  When he told them this, why he told them this or what, exactly, he said
21  to them, was not explained.

22  Plaintiff had no explanation for failing to seek this information through discovery.
23  Though he claimed in his motion that Defendants failed to provide the logs during discovery, at
24  the hearing, Plaintiff admitted that he had not requested them.  He had no explanation for failing
25  to do so. The Court is mindful that the Court extended the discovery period to allow Plaintiff to
26  propound discovery. (Doc. 39) By that time, nearly all of the eight months allowed for discovery
27  had elapsed and Plaintiff had not conducted any discovery. (Doc. 29)  Why Plaintiff failed to
28  diligently pursue discovery in an orderly fashion such to allow him to think through the discovery

1 he sought and, as necessary, propound additional sets of requests, is not explained. Jackson v.
2 Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

3 In the Court's view, Plaintiff's current motion is an attempt to conduct additional
4 discovery despite the order terminating the efforts many months ago. In addition, the records at
5 issue have little hope of producing evidence that is probative of the topics at hand. While the logs
6 may demonstrate Defendants escorted Plaintiff to the law library during July 2009, Plaintiff has
7 no recollection of this occurring and would, therefore, be unable to testify as to anything that
8 occurred during these contacts, if they occurred at all. Given this context, the mere fact of an
9 escort is of no significance.[1] Thus, the Court denies the request for the subpoena related to the
10 log books.

11 On the other hand, the Court understands quite clearly, why Plaintiff would like to receive
12 the names and locations of the inmates who were housed next to him on July 24, 2007. Plaintiff
13 has represented that these inmates were present during the events, witnessed them and indicated a
14 willingness to testify as to what they had seen. However, once again, as Plaintiff admitted at the
15 pretrial conference, he did not seek this information during the discovery period and, in so failing,
16 he has, effectively, prevented himself from making use of this information even if the Court
17 ordered it to be produced. Because the discovery period has expired, at most Plaintiff could seek
18 to have the information produced at the time of trial. However, there would be no ability to have
19 these witnesses testify because it would be too late to have them brought from their places of
20 incarceration or, if they are no longer in custody, to have them subpoenaed to court. Therefore,
21 because there can be no use made of this information at trial, the Court denies the request for a
22 subpoena to require a third party to produce this information at trial.
23 ///
24 ///
25 ///

---

26 [1] Defendants are reminded, however, that if they intend to rely upon these log books to undermine
27 Plaintiff's claims, they must be produced to him no later than December 21, 2012. (Doc. 68 at 10) ("On or before December 21, 2012, each party shall provide the other with a copy of any exhibit not previously produced during discovery that the party intends to present at trial.")
28

**ORDER**

Based upon the foregoing, the Court **DENIES** Plaintiff's request for a subpoena duces tecum. (Doc. 63)

IT IS SO ORDERED.

Dated: **December 4, 2012**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE