IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>Defendants. | Case No. 1:08-cv-00369 JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 80) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for appointment of counsel. (Doc. 80) In support of this motion, Plaintiff reports that he did not complete his formal education, has no training in the law and, due to his placement in the SHU, he has access to the law library only four hours per week. Id.

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Based upon the analysis set forth above, the Court does not find the required exceptional circumstances exist in this case. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The allegations made in the complaint are straight-forward and not complex. Moreover, nearly every case involving a plaintiff-inmate has circumstances similar to Plaintiffs. In the Court's experience, a vast majority of plaintiff-inmate did not complete formal education, have no legal training and have only limited access to the law library. As tragic as this is, this Court is faced with similar cases every day.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel (Doc. 80), is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **December 13, 2012**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

2