1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  GEORGE E. JACOBS, IV, | ) Case No.: 1:08-cv-00369 - JLT |
| 12           Plaintiff, | ) ORDER ON PLAINTIFF'S MOTION IN LIMINE |
| 13      v. | ) (Doc. 84) |
| 14  JEANNE WOODFORD, et al., | ) ORDER ON DEFENDANTS' MOTIONS IN |
| 15           Defendants. | ) LIMINE |
| 16 | ) (Doc. 85) |

17        Before the Court are the motions in limine filed by Plaintiff George E. Jacobs ("Plaintiff") on

18 July 2, 2013 (Doc. 84) and Defendants Martinez, David, and Masiel on July 3, 2013 (Doc. 85).

19                              **BACKGROUND**

20        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action

21 pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that in the course of an escort by defendants David and

22 Masiel across the SHU yard on July 24, 2007, David pushed him "in a violent manner" and made

23 "verbal threats" about what he would do to Plaintiff for continuing to pursue a lawsuit against

24 Martinez, who was David's supervisor.  (Doc. 7 at 7).  Plaintiff alleges that once the escort was

25 complete, he placed his hands through the food tray slot to have the handcuffs removed, and Masiel

26 squeezed Plaintiff's arms while making derogatory and offensive statements.  Id. at 7-8.  Plaintiff

27 asserts David removed Plaintiff's handcuffs and "intentionally smashed the tray slot door on [his] right

28 hand causing serious injury."  Id. at 8.  Plaintiff asserts Martinez joined the others at the cell door and

                                             1

attempted to spray him with pepper spray, and told Plaintiff that he was "lucky" that he had not been

involved the yard escort because he would have sprayed Plaintiff "for suing him in Court." Id. Plaintiff

stated Martinez denied a request for medical care for the injury to his hand.  Id.

Given these allegations, Plaintiff is proceeding on the following claims: retaliation against

David, Masiel and Martinez; excessive force against David and Masiel; and deliberate indifference to

a serious medical need against Martinez.  (Doc. 10).

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

practice has developed pursuant to the district court's inherent authority to manage the course of

trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  The Ninth Circuit explained motions in

limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present

potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir.

2003) (citations omitted).  Likewise, the Seventh Circuit found motions in limine are "an important

tool available to the trial judge to ensure the expeditious and evenhanded management of the trial

proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence

are disfavored.  See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).  A

court "is almost always better situated during the actual trial to assess the value and utility of

evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).  Therefore, the Sixth

Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they

arise [in trial]" as opposed to ruling on a motion in limine.  Sperberg, 519 F.2d at 712.

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," C & E

Services, Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province

of the jury.  See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 150 (2000).

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff seeks to preclude Defendants from introducing evidence of his criminal history,

conviction, and prison disciplinary proceedings.  (Doc. 84 at 1).  In addition, Plaintiff seeks to prohibit

Defendants from introducing this evidence for his witness, Kevin Fields ("Fields").  Id.  According to

Plaintiff, evidence of their convictions and disciplinary proceedings is "irrelevant to any issue before the jury and would merely be offered as "bad character" evidence to garner sympathy for the defendants or unfairly prejudice . . . the plaintiff."  Id. at 2.

Whether evidence of a conviction will be admitted is governed by Federal Rules of Evidence 609(a), which provides in relevant part,

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1)    for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .

Generally, a conviction will not be admitted if more than 10 years have passed since the time the witness was released from confinement on the charge.  However, the 10-year presumptive bar does not apply if the witness remains in custody for the charge at issue.  Nevertheless, in either situation, a conviction may not be admitted if its probative value is outweighed by its prejudicial effect. Fed. R. Evid. 609(b).

Here, Plaintiff is serving a life sentence following his conviction for murder.  (Doc. 85 at 7). Defendants report Fields is serving a twenty-five years to life sentence following conviction for assault with a deadly weapon in 2000, and battery on a peace officer in 2009.  Id.

Plaintiff acknowledges "the jury will already know and quickly discovery that [he] is serving a prison sentence . . . by the very nature of Plaintiff's claims." (Doc. 84 at 5).  However, Plaintiff contends his "prior criminal history/convictions and prison disciplinary records hold absolutely no probative value to the issues of whether defendant B. David and J. Masiel slammed Plaintiff's hand (right hand) in the tray slot (food port), or if J. Martinez denied Plaintiff medical care and threatened Plaintiff because of a prior law suit pending."  Id.  According to Plaintiff, if evidence related to his convictions is admitted, there is danger "that the jury will reach a verdict based on [his] alleged characterization as a violent, incorrigible criminal."  Id.

On the other hand, Defendants argue they should not be precluded from eliciting testimony from Plaintiff and Fields "about their criminal convictions and length of incarceration because such

3

evidence is relevant to their credibility." (Doc. 90 at 1). In addition, Defendants report they do not seek to introduce specific facts about the crimes committed by Plaintiff and Fields, but rather Defendants "only intend to elicit testimony about the length of the incarceration." Id. at 3. Given that the credibility of all the parties and witnesses is a significant issue in the case, the Court does not find the prejudicial effect posed outweigh the probative value.

Accordingly, Plaintiff's motion (Doc. 84) is **DENIED**. Defendants may introduce evidence that Plaintiff and Fields have been convicted of felonies for the limited purpose of impeachment. They SHALL not introduce evidence related to the nature or circumstances of the felony offenses but may introduce information detailing the length of the sentence each man is serving.

## DEFENDANTS' MOTIONS IN LIMINE

**I.      Opinion testimony from Plaintiff regarding the cause of his current medical conditions**

Defendants seek to preclude Plaintiff from offering medical opinion evidence in his testimony. (Doc. 85 at 2). Defendants argue: "The Court should preclude Plaintiff from offering any evidence concerning his current medical condition or offering opinions or making inferences whether his current condition was caused or are related to this incident." Id. Specifically, Defendants argue Plaintiff should not be permitted to testify as to "a diagnosis, prognosis, opinions, inferences, or causation of his alleged injuries." Id. However, Defendants have no objection to Plaintiff testifying "as to what he experienced and felt as a result of the incident on July 24, 2007, what he did in response to those physical symptoms, and what he communicated to his doctors." Id.

An person is permitted to testify as to "scientific, technical or other specialized" information if the witness is "qualified as an expert by knowledge, skill, experience, training or education" and the testimony is based upon sufficient facts or data, the testimony is based upon reliable analysis and the witness applies this reliable analysis to the data. Fed. R. Evid. 702. However, an individual lacking such qualifications may only testify as to opinions "rationally based on the witness's perception" that is not based on specialized knowledge. Fed. R. Evid. 701.

The Court has not been informed that Plaintiff has any medical expertise. Thus, Plaintiff will not be permitted to offer any medical opinion or to report what any medical professionals told him about his condition. However, Plaintiff may testify about his own perceptions of what he felt when

the injury occurred and how it feels now, how his physical condition impacts his life and as to any other information that is within his own personal knowledge based upon his own perceptions. Likewise, if relevant, he may cross-examine any testifying medical expert about Plaintiff's condition but he is not personally permitted to testify as to any scientific conclusions regarding his medical condition. Accordingly, Defendants' motion in limine #1 is **GRANTED**.

**II.      Irrelevant evidence related to defendants, claims, or events previously dismissed**

Defendants seek to preclude Plaintiff from presenting evidence regarding "claims, events, or Defendants that the Court already dismissed or that [are] unrelated to the incident at issue here." (Doc. 85 at 3).  Defendants argue such evidence is irrelevant and, as such, should not be admitted.  Id. (citing Fed. R. Evid. 401-402).  The Court agrees.  Plaintiff will not be permitted to introduce evidence that is irrelevant to his claims against the current Defendants.

Further, Defendants believe Plaintiff will seek to introduce testimony and evidence regarding his lawsuit against Martinez (Jacobs v. Scribner, E.D. Cal. No. 1:06-cv-1280 AWI-GSA), which forms the basis of his retaliation claims.  (Doc. 85 at 3).  Defendants argue: "Permitting Plaintiff to delve into the details of the incident giving rise to that lawsuit or the litigation proceedings will confuse the jury and waste time."  Id.  The Court agrees.  Though the fact the lawsuit had been filed—and Martinez and Defendants were aware of it--is relevant to Plaintiff's retaliation claim, information related to the underlying events which form the basis for that lawsuit, is not.  Plaintiff may not introduce evidence that is not relevant or related to the retaliation claim raised in the instant matter.  Therefore, Defendants' motion in limine #2 is **GRANTED IN PART**.

**III.      Character evidence related to other incidents or litigation**

Defendants seek to preclude Plaintiff from offering character evidence in the nature of other litigation or other claimed incidents of excessive force.  (Doc. 85 at 3-4) (citing Fed. R. Evid. 404(b)).  Defendants assert, "Plaintiff has expressed his intention to introduce evidence or elicit testimony about other allegations of excessive force made against Defendants and their legal history, including other complaints where Defendants were accused of excessive force."  Id. at 4.  According to Defendants: "The only purpose for seeking to introduce evidence of other lawsuits or allegations of improper use of force against Defendants is to allow Plaintiff to argue to the jury that Defendants are liable in this

1    case because they have been sued or accused of such behavior in other instances. But this purpose is

2    improper under Rule 404(b)." Id.

3          Federal Rules of Evidence 404(a) precludes a party form introducing evidence of a person's

4    character for the purpose of proving he acted in conformity with that characteristic on the occasion at

5    issue. Moreover, evidence of other events may not be introduced to prove the person acted in

6    conformity with his bad character trait on a particular occasion. Fed. R. Evid. 404(b)(1). Instead, this

7    type of evidence may be admitted only for a different purpose including, "motive, opportunity, intent,

8    preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id.

9          Here, Plaintiff has not shown evidence that Defendants, or some of them, have been involved

10   in other litigation or in other incidents of force meeting the foundational requirement outlined by Fed.

11   R. Evid. 404(b)(1). Therefore, Defendants motion in limine #3 is **GRANTED** without prejudice to

12   Plaintiff raising this issue as to particular pieces of evidence <u>outside of the presence of the jury.</u>

13   **IV.    Evidence related to offers to compromise**

14         Defendants anticipate Plaintiff may attempt to present evidence of offers to compromise or

15   statements made during settlement discussions. (Doc. 85 at 5). Defendants are correct that such

16   evidence is not admissible. Fed. R. Evid. 408. Thus, Defendants' motion in limine #4 is **GRANTED**.

17   **V.    Evidence that the State may pay the judgment**

18         Defendants seek to preclude evidence that the State of California may pay the judgment or

19   reimburse defendants in the event that judgment is entered against them, arguing such evidence is

20   irrelevant and prejudicial. (Doc. 85 at 5-6) (citing <u>Langley v. Turner's Express, Inc.</u>, 375 F.2d 296,

21   297 (4th Cir. 1967)).

22         The State of California is required to indemnify its employees, at their request, in litigation

23   arising from the course and scope of the employment. Cal. Gov't Code § 835. However, the evidence

24   of this indemnity provision is irrelevant to the questions presented at trial. It does not provide any

25   information as to what happened during the incident at issue nor does it address the proper measure of

26   damages. Moreover, this is not relevant to the question of punitive damages given that the State of

27   California is not obligated to indemnify its employees for exemplary damages. Cal. Gov. Code. §

28   825(a), (b). Therefore, Defendants' motion in limine #5 is **GRANTED**.

1    **VI.     Evidence of Plaintiff's and Field's felony convictions**

2          Defendants assert evidence of the felony convictions of Plaintiff and Fields should be

3    introduced for impeachment purposes (Doc. 85 at 6-7).  As set forth above, such evidence will be

4    admitted for this limited purpose.  Accordingly, Defendants' motion in limine #6 is **GRANTED**.

5

6    IT IS SO ORDERED.

7        Dated:   **January 28, 2013**                      **/s/ Jennifer L. Thurston**

8                                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28