UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-00369 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL OR ALTERNATIVELY TO AMEND OR ALTER THE JUDGMENT<br><br>(Doc. 119) |

Before the Court is Plaintiff's motion for a new trial. (Doc. 119) In support of the motion, Plaintiff contends the jury returned an inconsistent verdict in that it did not find the use of excessive force but did find that Defendant Martinez failed to summon medical care in violation of the Eighth Amendment. Id. at 4-5. Also, he asserts the jury erred in awarding nominal damages in light of the egregious acts by Defendants. Id. at 5. Finally, Plaintiff asserts the Court erred in failing to instruct the jury on compensatory damages, namely damages for mental and psychological harm. Id. at 5-6. Alternatively, Plaintiff requests the Court alter or amend the judgment. For the reasons set forth below, the Court **DENIES** the motion.

**I.     Factual background and procedural history**

On July 24, 2007, Plaintiff claimed Defendants David and Masiel used excessive force against

1

him while they escorted him from the law library to his cell.[1]  He claimed Masiel squeezed his arm and when they arrived at his cell and after he had placed his wrists through the food port, David slammed it closed, causing him injury. He alleged that this was done in retaliation for a lawsuit he filed against Defendant Martinez.  Plaintiff claimed also that when Martinez arrived at the cell, he appreciated that Plaintiff suffered an injury but failed to call for medical treatment. After a two-day trial, beginning on February 6, 2013, the jury returned a verdict finding that neither David nor Masiel used excessive force and none of the Defendants retaliated against him.  However, the jury found that Martinez was deliberately indifferent to Plaintiff's medical care and awarded nominal damages.

Judgment was entered on February 8, 2013 and on March 7, 2013, Plaintiff filed the instant motion.

**II.     Legal standard**

Federal Rule of Civil Procedure 59 provides in pertinent part: "The court may, on motion, grant a new trial on all of some of the issues–and to any party–as follows: [¶] (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "'Rule 59 does not specify the grounds on which a motion for new trial may be granted.' Rather, the court is 'bound by those grounds that have been historically recognized.'

Historically, recognized grounds include, but are not limited to, claims "'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.' We have held that '[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal citations omitted). A Rule 59 motion is "confided to the discretion of the trial court, whose decision will be overturned . . . only for abuse of discretion." Kode v. Carlson, 596 F.3d 608, 611 (9th Cir. 2010) (citing Philippine Nat. Oil Co. v. Garrett Corp., 724 F.3d 803, 805 (9th Cir. 1984)).

---

[1] Notably, after inmate Fields testified that Masiel did not escort Plaintiff to his cell, Plaintiff changed his trial strategy. Up to that point, in his opening statement and in his questions to David and Masiel, he asserted that David and Masiel escorted him from the law library to his cell.  However, when Plaintiff testified, he contradicted this position and stated that David and another officer escorted him and Masiel joined them later.  It is unlikely this did not impact Plaintiff's credibility with the jury.  Interestingly, in his current motion, Plaintiff reverts to his earlier position and now asserts that Masiel *did* escort him from the law library to his cell.  (Doc. 119 at 1)

2

### III. Discussion

#### a. The verdict, finding no excessive force, is not inconsistent with the finding of liability against Martinez

In his first argument, Plaintiff asserts that a new trial should be granted because the verdict against Martinez is inconsistent with the verdict finding no liability against David and Masiel for excessive force. At trial, Plaintiff testified he suffered a wound on his left hand[2] and a knot on his right hand when Defendants slammed the food port tray on his wrists. Indeed, while testifying, a juror asked if Plaintiff could raise his hand in order to better display the knot. The Court requested Plaintiff raise his hand up and he complied and displayed the injury to the jury.[3]

Plaintiff testified the handcuff key was broken during this incident and he would not return the broken portion of the key or allow the handcuffs to be removed because he wanted a sergeant to be called so he could complain about the use of force. Plaintiff testified Martinez appeared but later called Lieutenant Smith to the cell. Lieutenant Smith examined his injuries and promised he would not be hurt if he put his hands in the food port and allow the handcuffs to be removed. Plaintiff complied and allowed the cuffs to be removed. Plaintiff testified that Martinez refused to call for medical attention and that he did not receive medical care until Lieutenant Smith arrived and called for it.

David testified that when he attempted to remove the handcuffs from Plaintiff's wrists through the tray slot, Plaintiff jerked his hands inside and, as a result, hit handcuff key on the food port and caused it to break off. David testified that initially, Plaintiff refused to return the broken portion of the key or to allow the handcuffs to be removed. Martinez testified he was called to the cell due to Plaintiff's refusal to provide the broken portion of the key or to allow his handcuffs to be removed.

Masiel testified that he didn't recall whether he escorted Plaintiff on the day at issue or any other day but that he has never seen anyone slam a food port on an inmate's hands. He testified he had

---

[2] Inexplicably, in his motion for new trial, Plaintiff now seems to claim that he suffered only the knot on the right hand. (Doc. 119 at 3)
[3] Plaintiff seems to believe the jury's question which read, "Which hand was released from cuff first?" (Doc. 114) somehow indicates the jury members were uncertain of the nature and extent of the injuries. Why he thinks this is not clear.

1 never squeezed Plaintiff's arms.

2 David testified he knew about the lawsuit Plaintiff had filed against Martinez though Martinez
3 could not recall whether he told either David or Masiel about it.  Masiel testified he could not recall
4 whether he knew about the litigation against Martinez when the events at issue here, occurred.

5 Plaintiff called inmate, Kevin Fields, to testify.  Fields reported he and Plaintiff had been at the
6 law library and were escorted back to their cells at the same time.  Fields testified that Plaintiff was
7 escorted to the cell from the law library by David and another correctional officer, Morales. He denied
8 Masiel escorted Plaintiff and reported instead, that Masiel and a female correctional officer, escorted
9 Fields from the law library to his cell.  He said that before he arrived at his cell, Masiel left the escort
10 to go assist at Plaintiff's cell.  He said that he heard David threaten Plaintiff before David and Plaintiff
11 entered the housing unit but he did not see what happened at Plaintiff's cell.

12 Indisputably, the jury determined Plaintiff suffered injuries during the event.  However, the
13 evidence recited above, if believed, demonstrated Plaintiff's injuries were caused when he pulled his
14 handcuffed-hands through the food port, causing the handcuff key to break.  Notably, it was
15 undisputed the key was in the handcuffs at the time, which indicated the officers were in process of
16 releasing Plaintiff from the handcuffs.  This is a different factual account from Plaintiff's who claimed
17 that as soon as he placed his hands in the food port, the officer slammed the food port on his hands.
18 The jury's acceptance of Defendants' version of the events is not contrary to the weight of the
19 evidence and is supported by substantial evidence.  Murray v. Laborers Union *586 Local No. 324, 55
20 F.3d 1445, 1452 (9th Cir.1995) ("The credibility of witnesses and the weight of the evidence are
21 issues for the jury that are generally not subject to appellate review.")

22 Likewise, this finding is not inconsistent with the determination that Martinez denied Plaintiff
23 medical care.  A serious medical condition which may implicate Eighth Amendment standards need
24 not come from the use of excessive force--or any force at all. See Hutchinson v. United States, 838
25 F.2d 390, 394 (9th Cir. 1988) (Deliberate indifference may appear when a defendant denies, delays, or
26 otherwise interferes with medical treatment.)   Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,
27 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special
28 interrogatories consistent, they must be resolved that way."); see also Duk v. MGM Grand Hotel, Inc.,

320 F.3d 1052, 1059 (9th Cir.2003). Therefore, Plaintiff's motion for a new trial on this basis is **DENIED**.

### b. The verdict, awarding nominal damages was reasonable

For the same reasons set forth above, the fact the jury did not find the use of excessive force was not contrary to the weight of the evidence. Likewise, because the jury did not find David and Masiel used excessive force, this determination, in essence, precluded a finding that they retaliated when they used the force.

Martinez testified he was aware of the lawsuit filed against him by Plaintiff on the date of these events. However, he testified the lawsuit was not significant to him because inmates sue correctional officers regularly and Plaintiff's lawsuit against him was not the first. He denied he took action against Plaintiff in retaliation.

Though Plaintiff testified David and Masiel had harassed him before July 24, 2007 because he filed the lawsuit against Martinez, he presented scant information that Martinez had. Though he testified that when Martinez arrived at the cell he said "I would have sprayed your ass too," when referring to the force that had been used by David and Masiel, he didn't assert Martinez made any statement that he felt this way because of the lawsuit. Though Martinez admitted that he was aware that Plaintiff had suffered an injury, he made clear that from what he saw, the injury did not appear to be more than minor.

Plaintiff testified that due to the nature of the injuries, he was supposed to have been taken to the prison hospital. Instead, a nurse looked at his injuries on the day of the event but provided little in the way of treatment. Likewise, Plaintiff testified he was not provided sufficient care for his injuries over time.

Thus, though the jury must have believed Martinez should have known Plaintiff had a serious medical need and concluded Martinez delayed Plaintiff's medical care, the fact that the jury did not determine this delay was for the purpose of retaliation, is not contrary to the weight of the evidence. The jury was entitled to find Martinez delayed the medical treatment for the injuries for reasons other than retaliation and Plaintiff suffered as a result.

Given these factual circumstances, awarding nominal damages recognizes the constitutional deprivation and the extent of the injury the deprivation caused. The Court finds this verdict was not contrary to the weight of the evidence. Blanton v. Mobil Oil Corp., 721 F.2d 1207, 1216 (9th Cir.1983) (A jury's determination as to the proper damages award, must be upheld unless it is clearly not supported by the evidence.) Thus, the motion for new trial is **DENIED**.

### c.  The Court did not fail to instruct the jury on emotional damages

Plaintiff argues a new trial is warranted because the Court failed to instruct the jury on the availability of awarding compensatory damages for emotional and psychological injury. It is not clear why Plaintiff asserts the jury was not instructed on this topic because, clearly, it was. The Court gave model instruction 5.1 and 5.2. The instruction read,

> It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.
>
> If you find for the plaintiff on his First Amendment or Eighth Amendment claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:
>
> 1. The nature and extent of the injuries;
> 2. The disability, disfigurement, or loss of enjoyment of life experienced; and
> 3. **The mental, physical, or emotional pain and suffering experienced**.
>
> It is for you to determine what damages, if any, have been proved.
>
> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

(Doc. 115 at 30, emphasis added)  This instruction not only informed the jury it could award damages for emotional injury, it instructed the jury also that it should consider disfigurement as a basis for awarding damages.[4] Notably, Plaintiff did not request any different instruction on damages. (Doc. 92)  In the Court's view this instruction was sufficient. United States v. Marabelles, 724 F.2d 1374, 1382–83 (9th Cir.1984) (A trial judge is given substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented" when "evaluated in the context of the whole

---

[4] The failure to award compensatory damages supports the jury's determination that Martinez did not cause the disfigurement about which Plaintiff complained.

trial.") Therefore, the motion for a new trial is **DENIED**.

### d. Plaintiff has failed to demonstrate the judgment should be amended or altered

Plaintiff offers no separate analysis or argument as to why he believes the judgment should be altered or amended. Under Fed. R. Civ. P. 59(e), granting a motion to amend or alter a judgment is an extraordinary remedy which should be granted only sparingly. It may be granted where: (1) the court is presented with newly-discovered evidence; (2) the court committed "clear error or the initial decision was manifestly unjust"; or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir.2001).

Seemingly, Plaintiff contends the judgment was manifestly unjust. However, for the same reasons the Court denies the motion for new trial, it finds no manifest injustice and, instead, finds the jury's verdict was supported by substantial evidence and was not contrary to the weight of the evidence. Therefore, Plaintiff's alternative motion to amend or alter the judgment is **DENIED**.

### ORDER

Based on the foregoing, the Court **ORDERS**:

1.  Plaintiff's motion for new trial is **DENIED**;
2.  Plaintiff's motion to amend or alter the judgment is **DENIED.**

IT IS SO ORDERED.

Dated:   **March 27, 2013**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE